**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ALAN N. SPRINGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:12-CV-00285-RWS |
| BANK OF AMERICA, N.A. sbm | : | |
| to BAC HOME LOANS | : | |
| SERVICING, LP fka | : | |
| COUNTRYWIDE HOME LOAN | : | |
| SERVICING, LP, and ASSURED | : | |
| HOME FINANCIAL, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendant Bank of America, N.A.,

as successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide

Home Loans Servicing, LP's ("BANA") Motion to Dismiss [4]. After

reviewing the record, the Court enters the following Order.

### Background

This case arises out of foreclosure proceedings on property located at

1640 Eaglerock Drive, Suwanee, Georgia, 30024 (the "Property"). (Compl.

Dkt. [1-1] ¶ 4.) On February 23, 2009, Plaintiff purchased the property with a

loan and, as security for the loan, executed a security deed (the "Security

Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS")

as nominee for Pine State Mortgage Corporation. (Id. ¶ 5; Notice of Removal,

Ex. C (Security Deed), Dkt. [1-3] at 1 of 8.)[1] The Security Deed was assigned to

BANA on February 4, 2012. (Compl., Dkt. [1-1] ¶ 7; BANA's Mot. to Dismiss,

Ex. B (Assignment), Dkt. [4-3] at 2 of 2.)

     Plaintiff alleges that he began to attempt to refinance his loan with

Defendant Assured Home Financial ("Assured") around September 2011.

(Compl. Dkt. [1-1] ¶¶ 8-9.) Plaintiff also alleges that Assured "told Plaintiff that

in order to begin the refinance, he would have to send the sum of $5,000.00 to

them, which Plaintiff did." (Id. ¶ 10.) Plaintiff alleges that Assured and

"Defendant Bank" told him that he needed to be delinquent on his monthly

mortgage payments to qualify for a refinance. (Id. ¶¶ 11-12.) Finally, Plaintiff

---

[1] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed, when considering a motion to dismiss. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998). This does not convert the motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

alleges that, "based on the advice of Defendants, [Plaintiff] did not make his monthly mortgage payments" and that BANA initiated foreclosure proceedings on the Property. (Id.  ¶¶ 13-14.)

Based on the foregoing, Plaintiff filed the instant Complaint for damages under the Georgia Fair Lending Act ("GFLA"). BANA now moves to dismiss the Complaint for insufficient service of process and for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) and 12(b)(6). (See generally BANA's Br. in Supp. of Mot. to Dismiss ("BANA's Br."), Dkt. [4-1].) Plaintiff has failed to file a response to BANA's Motion to Dismiss, which motion therefore is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

## Discussion

The Court agrees with BANA that the Complaint is due to be dismissed for insufficient service of process, pursuant to Rule 12(b)(5). Service of process on a corporate defendant, such as BANA, is governed by Rule 4(h)(1), which provides that a corporation must be served in one of the following ways:

3

>       (A)     in the manner prescribed by Rule 4(e)(1) for serving an
>               individual; or
>
>       (B)     by delivering a copy of the summons and of the complaint to
>               an officer, a managing or general agent, or any other agent
>               authorized by appointment or by law to receive service of
>               process and—if the agent is one authorized by statute and
>               the statute so requires—by also mailing a copy of each to the
>               defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides, in turn, that an individual may be

served by "following state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located or

where service is made[.]" Fed. R. Civ. P. 4(e)(1). Accordingly, "Rule 4 provides

that a plaintiff may serve a corporation in one of two ways." Dyer v. Wal-Mart

Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009). "First, a plaintiff may use

any method of service allowed in the state where the district court is located or

where service is made." Id. (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)). "Second, a

plaintiff may effect service by 'delivering a copy of the summons and complaint

to an officer, a managing or general agent, or any other agent authorized . . . to

receive service of process and—if the agent is one authorized by statute and the

statute so requires—by also mailing a copy of each to the defendant.'" Id.

(quoting Fed. R. Civ. P. (4)(h)(1)) (emphasis omitted).

4

In this case, Plaintiff's only attempt to effect service of process on BANA was to send a copy of the Complaint and Summons to Aldridge Conners, LLP ("Aldridge"). (BANA's Br., Dkt. [4-1] at 8 of 14; see also Notice of Removal, Dkt. [1-1] at 14 of 16 (Certificate of Service).) Although this firm "was retained by BANA to handle the foreclosure of the Property," it does not represent BANA in the instant case. (BANA's Br., Dkt. [4-1] at 8 of 14.) As a result, Aldridge Conners, LLP did not accept service on behalf of BANA. (Id.)

This Court finds that Plaintiff failed to effect service of process on BANA in either of the two manners permitted under the Federal Rules of Civil Procedure. First, Plaintiff did not serve BANA in the manner prescribed for service on an individual under the law of Georgia, which is both the forum state and the state where service was attempted. Under Georgia law, personal service must be made upon a corporation by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . . ." O.C.G.A.§ 9-11-4(e)(1). Service on Aldridge does not satisfy this requirement.

As stated above, the second way in which a plaintiff may serve a corporate defendant with process is "by delivering a copy of the summons and

5

of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Again, service on Aldridge does not satisfy this provision. Accordingly, Plaintiff also failed to effect service of process on BANA in either manner permitted by Rule 4(h)(1).

Rule 4(m) requires plaintiffs to properly serve all defendants within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Specifically, this Rule provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Id. Plaintiff has taken no steps to cure the insufficient service of process within the 120-day period provided under Rule 4(m) and has shown no good cause for this failure. Therefore, BANA's Motion to Dismiss [4] is **GRANTED** for insufficient service of process.[2]

---

[2] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir.1990).  Accordingly, where valid service of process is found to be lacking, it is "improper for the district court to . . .

6

**Conclusion**

In accordance with the foregoing, BANA's Motion to Dismiss [4] is

**GRANTED** for insufficient service of process, pursuant to Rule 12(b)(5).

**SO ORDERED**, this  24th  day of May, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE


reach[] the merits." Jackson v. Warden, FCC Coleman–USP, 259 F. App'x 181,
182–83 (11th Cir. 2007).  In light of the Court's finding that Plaintiff failed to effect
proper service of process on BANA, the Court will not consider BANA's argument
that the Complaint fails to state a claim upon which relief may be granted.